IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
IRYNA SAFONOVA,                                        :
on behalf of plaintiff and a class,                    :
                                                       :
                    Plaintiff,                         :
                                                       :
         vs.                                           :
                                                       :
                                                       :
STEPHEN EINSTEIN &                                     :
ASSOCIATES, P.C.;                                      :
 and CAVALRY PORTFOLIO                                 :
SERVICES, LLC,                                         :
                                                       :
                    Defendants.                        :
-------------------------------------------------------x
```

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Iryna Safonova brings this action to secure redress from unlawful collection practices engaged in by defendants Stephen Einstein & Associates, P.C. ("SEA") and Cavalry Portfolio Services, LLC ("CPS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communication (Exhibit A) was received by plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

9. Plaintiff Iryna Safonova is an individual who resides in Brooklyn, New York.

10. Defendant SEA is a law firm with 8 attorneys organized as a New York

2

professional corporation with its principal offices at 39 Broadway, Suite 1250, New York, New York 10006.

11. SEA states on its web site: "Founded in 1989, the Law Office of Stephen Einstein & Associates, P.C. ('SEA') is a law firm focused on consumer and commercial debt collection litigation and judgment enforcement, licensed in New Jersey and New York." (http://www.stepheneinstein.com/#/about)

12. SEA uses the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

13. SEA is a debt collector as defined in the FDCPA.

14. Defendant Cavalry Portfolio Services, LLC ("CPS") is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040. It does business in New York. Its registered agent and office are CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

15. Defendant CPS is engaged in the business of a collection agency.

16. CPS collects and supervises the collection of debts for several Cavalry "special purpose vehicles," of which Cavalry SPV I, LLC is one.

17. CPS has a web site on which it states, "Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios." (https://www.cavalryportfolioservices.com/About)

18. CPS hires and supervises outside law firms and collection agencies to dun consumers and file lawsuits on behalf of Cavalry SPV I, LLC.

19. One of these is SEA.

20. Defendant CPS is a debt collector as defined in the FDCPA.

21. Defendant CPS holds a number of collection agency licenses from various jurisdictions.

22. The mails and telephone system are used in connection with the collection of debts and prosecution of collection litigation by CPS.

## **FACTS**

23. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred (if at all) for personal, family or household purposes and not for business purposes.

24. On or about May 13, 2018, defendant SEA sent plaintiff the letter attached as Exhibit A.

25. SEA was hired and directed to send Exhibit A by CPS.

26. On information and belief, CPS provided the numbers in Exhibit A.

27. CPS has performance standards which require that a collection agency it hires, such as SEA, send an initial demand within a specified period.

28. CPS has the right to review files and correspondence of collection agencies it hires, insofar as CPS files are concerned.

29. Exhibit A is the first letter plaintiff received from defendant SEA regarding the alleged debt described therein.

30. Exhibit A is a form letter, filled out by computer in a standardized manner.

31. On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant SEA sends to a consumer regarding the debt described therein.

32. Exhibit A states that the "total balance due" is $3,912.63, that the amount of the debt at charge-off was $4,012.63, that no interest, fees, or charges have accrued since charge-off, and that the "payments / credits" applied to the debt since charge-off is $100.00.

33. New York state law requires disclosure of the components of the debt, including the "total amount of the debt due as of charge-off," the "total amount of interest accrued since charge-off," the "total amount of non-interest charges or fees accrued since charge-off," and the "total amount of payments made on the debt since the charge-off." 23 NYCRR 1 § 1.2(b)(2).

## COUNT I – FDCPA

34. Plaintiff incorporates paragraphs 1-33.

35. The form letter attached as Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) in that they lump together "payments / credits[.]" By doing this, the letter creates a false record that an event (payment) has occurred, which could extend the statute of limitations, or amount to an admission of the debt.

36. Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. The class consists of (a) all individuals (b) with New York addresses, (c) to

5

whom defendant SEA sent a letter listing a sum for "payments / credits" (d) on behalf of defendant CPS (e) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

39. On information and belief, based on defendants' size and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit; and

      iii.    Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal

T:\36039\Pleading\Complaint_Pleading.WPD

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                   s/Tiffany N. Hardy
                                                   Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)